**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

        *-and-*

**REESE LLP**
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
*mreese@reesellp.com*

United States District Court
Eastern District of New York                                          1:19-cv-06448

| |
|---|
| Amy Warren, individually and on behalf of all others similarly situated, |
| Plaintiff, |
| - against - |
| Whole Foods Market Group, Inc., |
| Defendant |

                                                                          Complaint

        Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining

to plaintiff, which are based on personal knowledge:

        1.      Whole Foods Market Group, Inc. ("defendant") manufactures, distributes, markets,

labels and sells instant oatmeal containing oats and flax, under their 365 Everyday Value brand

("Products").

        2.      The Products are available to consumers from defendant's hundreds of stores across

all 50 states, directly from defendant's website and from Amazon.com.

        3.      The Products are sold in boxes which contain packets of 40 g.

4.      The relevant front labels representations include "Instant Oatmeal," "Oats & Flax," "Low Fat," "Vegan," "Good Source of Fiber," "Whole Grain Stamp," "Non-GMO Project Verified," "USDA Organic" and pictures of fresh raspberries on top of and around a heaping bowl of the product.



5.      The Product's ingredient list on the back of the package states:

INGREDIENTS: ORGANIC ROLLED OATS, ORGANIC DEHYDRATED CANE JUICE SOLIDS, ORGANIC FLAXSEED, SEA SALT.

**INGREDIENTS:**   ORGANIC   ROLLED   OATS,   ORGANIC DEHYDRATED CANE JUICE SOLIDS, ORGANIC FLAXSEED, SEA SALT.

I.   Product is Misleading because Sugar is Disguised as "Organic Dehydrated Cane Juice Solids"

6.      Consumers expect ingredients on a product to be declared by their common or usual name.

7. Where an ingredient contains the term "juice," consumers expect that ingredient to be derived from a consumable fruit or vegetable.

8. In fact, "juice" is defined as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree."[1]

9. "Juice solids" is a term associated with the processing of fruit juice such as oranges and apples.

10. Sometimes referred to as "soluble juice solids" or "soluble solids," this term is used to measure the quality of a juice and refers to a "valuable constituent" of a juice, i.e., "orange juice solids."[2]

11. However, in the context of the Product's "Organic Dehydrated Cane Juice Solids," the "juice solids" do not refer to an ingredient that reasonable consumers find "valuable."

12. This is because "dehydrated cane juice" – whether followed by the term "solids" or not – is another name for the ingredient commonly known as "sugar."

13. The FDA previously concluded that where an ingredient was described as "[evaporated] cane juice," consumers may be misled because "cane juice" refers to a sweetener.

14. "Evaporated cane juice," according to the FDA, "suggest[s] that the ingredients are made from or contain fruit or vegetable "juice" as defined in 21 CFR 120.1."[3]

15. For the purposes of declaring a food's ingredients by their common or usual names, there is no material difference between "evaporated cane juice" and "dehydrated cane juice solids."

---

[1] 21 C.F.R. § 120.1(a).
[2] FDA Warning Letter to Penguin Juice Company, Inc., 2010-DT-18, Sept. 8, 2010 ("Your [juice] products are adulterated within the meaning of section 402(b)(1) of the Act [21 U.S.C. 342(b)(1)] because a valuable constituent, namely juice solids, has been in part omitted or abstracted from these products.").
[3] FDA Guidance, Ingredients Declared as Evaporated Cane Juice (May 2016)

16.    "Dehydrated" is a commonly understood synonym for "evaporated" such that reasonable consumers will be equally misled by its use.[4]

17.    By declaring "sugar" by a term which fails to describe the basic function and qualities of the ingredient, reasonable consumers are deceived into purchasing a product with added sugar as its second most predominant ingredient.

18.    Given that the Product marketed as a simple, no-frills basic oatmeal and flax, pictured beneath fresh raspberries, consumers will expect that "dehydrated cane juice solids" is related to actual fruit, including those prominently displayed and is certainly not the equivalent of sugar.

19.    This results in the impression that the Products are a better nutritional choice than other comparable products which truthfully and non-deceptively identify "sugar" as their second most predominant ingredient.

20.    The Product's deceptive labeling is especially egregious because defendant is a grocery store with a reputation for selling health food products of high nutritional quality.

21.    A growing number of consumers, including plaintiff, are paying more attention to the ingredients contained in the foods they eat and are shunning excess, added sugars due to their association and contribution to ailments and conditions like coronary heart disease, obesity and diabetes.

22.    The misleading terms used on the Products have a material bearing on price or consumer acceptance of the Products because they will pay more for products with the positive qualities associated with actual fruit juice, including naturally occurring vitamins and minerals.

II.  Conclusion

---

[4] Collins Dictionary, Evaporate, synonyms.

23.    Had plaintiff and class members known the truth about the Products, they would not have bought the Product or would have paid less for it.

24.    The Products contain other representations which are misleading and deceptive.

25.    As a result of the false and misleading labeling, the Products are sold at premium prices, approximately no less than $4.29 per eight packets, excluding tax – compared to other similar products represented in a non-misleading way.

Jurisdiction and Venue

26.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

27.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

28.    Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

29.    Plaintiff is a citizen of New York.

30.    Defendant Whole Foods Market Group, Inc. is a Delaware corporation with a principal place of business in Austin, Travis County, Texas.

31.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

32.    Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

33.    A substantial part of events and omissions giving rise to the claims occurred in this District.

Parties

34. Plaintiff Amy Warren is a citizen of Queens County, New York.

35. Defendant is a Delaware corporation with a principal place of business in Austin, Travis County, Texas.

36. During the class period, plaintiff purchased one or more of the Products identified herein for personal use, consumption or application based on the above representations, for no less than the price indicated, *supra*, excluding tax, in her state or an immediately adjacent state.

37. Plaintiff would consider purchasing the Product again if there were assurances that the Products' representations were no longer misleading.

Class Allegations

38. The classes will consist of all consumers in all 50 states with sub-classes for the individual states and nationwide classes.

39. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

40. The claims and the basis for relief of plaintiff are typical to other members because all were subjected to the same representations.

41. Plaintiff is an adequate representative because her interests do not conflict with other members.

42. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

43. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

44.    The counsel for plaintiff is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

45.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350
and Consumer Protection Statutes of Other States and Territories</u>

46.    Plaintiff asserts causes of action under the consumer protection statutes of New York, General Business Law ("GBL") §§ 349 & 350.

47.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

48.    Plaintiff and class members desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

49.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

50.    Plaintiff and class members desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

51.    Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Products contain a fruit juice ingredient as opposed to the common sweetener, sugar.

<u>Negligent Misrepresentation</u>

52.    Plaintiff incorporates by reference all preceding paragraphs.

53.    Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products through misrepresenting the characterizing properties of the second most predominant ingredient.

54.    Defendant had a duty to disclose and/or provide non-deceptive labeling of the

Products and knew or should have known same were false or misleading.

55.   This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

56.   The representations took advantage of consumers' (1) cognitive shortcuts made at the point-of-sale and (2) trust placed in defendant, a well-known and respected brand in this sector.

57.   Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

58.   Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and<br>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

59.   Plaintiff incorporates by reference all preceding paragraphs.

60.   Defendant manufactures and sells products which contain the identified ingredient that contributes only sweetness and calories to the Product.

61.   The Products warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not due to the declaration of "organic dehydrated cane juice solids" instead of sugar.

62.   Defendant's ingredient list informed and warranted to Plaintiff the Product contained a form of juice instead of sugar.

63.   Defendant had a duty to disclose and/or provide a non-deceptive names of the ingredients and knew or should have known same were false or misleading.

64. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

65. Plaintiff provided or will provide notice to defendant and/or its agents, representatives, retailers and their employees.

66. The Products did not conform to their affirmations of fact and promises due to defendant's actions and were not merchantable.

67. Plaintiff and class members relied on defendant's claims, paying more than they would have.

<u>Fraud</u>

68. Plaintiff incorporates by references all preceding paragraphs.

69. Defendant's purpose was to sell products which contained basic sugar but identify them as containing "organic dehydrated cane juice solids," a healthier sounding yet misleading name.

70. The Product contains no real fruit juice even though the front label prominently pictures fruits with the Product.

71. Defendant's fraudulent intent is evinced by its failure to accurately indicate the Products contained the ingredient understood by consumers as sugar and to secure economic advantage in the marketplace against competitors by appealing to consumers who value products with less sugar.

72. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

<u>Unjust Enrichment</u>

73. Plaintiff incorporates by references all preceding paragraphs.

74.    Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove and/or refrain from the challenged representations, restitution and disgorgement for members of the State Subclasses pursuant to the consumer protection laws of their States;

4. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and consumer protection law claims, and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   November 15, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

　　　*-and-*

Reese LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
*mreese@reesellp.com*

1:19-cv-06448
United States District Court
Eastern District of New York

Amy Warren, individually and on behalf of all others similarly situated,

Plaintiff

- against -

Whole Foods Market Group, Inc.,

Defendant

## Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0552
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: November 15, 2019

/s/ Spencer Sheehan
Spencer Sheehan