**Blaxter | Blackman LLP**

Brian R. Blackman
bblackman@blaxterlaw.com
Direct: 415.500.7705

601 California Street, Suite 1505
San Francisco, CA 94108

www.blaxterlaw.com

September 1, 2020

**VIA ECF**

Honorable Rachel P. Kovner, U.S.D.J
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

    Re: *Amy Warren v. Whole Foods Market Group, Inc.*
       Case No. 1:19-cv-06448

Dear Judge Kovner:

We write on behalf of defendant Whole Foods Market Group, Inc. ("WFM Group"), to request a pre-motion conference to discuss WFM Group's intended motion to dismiss Amy Warren's and Iesha Conley's ("Plaintiffs") First Amended Complaint ("FAC") under Fed. R. Civ. P. 12(b).  WFM Group owns and operates the Whole Foods Market stores in New York, and several other states.  Its stores sell the 365 Everyday Value Organic Instant Oatmeal, Oats and Flax ("365 Oatmeal").

Plaintiffs allege 365 Oatmeal is mislabeled in two ways.  First, Plaintiffs contend the use of "Organic Dehydrated Cane Juice Solids" in the ingredient list is misleading because the ingredient should allegedly be listed as "sugar."  Second, the use of the "Whole Grain" stamp on the packaging implies the entire product is made of whole grain when it allegedly is not.  Based on these allegations, Plaintiff alleges claims for injunctive and monetary relief under (1) New York General Business Law ("GBL") §§ 349 & 350 and "Consumer Protection Statutes of Other States and Territories;" (2) for negligent misrepresentation; (3) for breach of warranty, implied warranty of merchantability, and Magnuson Moss Warranty Act; (4) for fraud; and (5) for unjust enrichment. We have briefly outlined below why these claims are defective.

***Plaintiffs' claims are preempted because they attempt to privately enforce the FDCA.***
Plaintiffs' FAC includes numerous allegations claiming 365 Oatmeal's packaging and labeling are false and misleading because they do not comply with non-binding guidance promulgated by the Federal Food and Drug Administration ("FDA") interpreting the Food, Drug & Cosmetic Act ("FDCA").  *See* Dkt. No. 15, ¶¶12-24.  Plaintiff's claims fail because there is no private right of action under the FDCA.  The right to enforce the FDCA rests solely with the FDA.  "[A]ll such proceedings for the enforcement, or to restrain violations, of this Act . . . shall be by and in the name of the United States."  21 U.S.C. § 337(a).  Courts may dismiss when the plaintiff's "true goal is to privately enforce alleged violations of the FDCA."  *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997).

**Blaxter | Blackman LLP**

***365 Oatmeal's labeling is not plausibly deceptive to reasonable consumers.***  To establish conduct is materially misleading under General Business Law §§ 349 and 350, Plaintiff must show that "a reasonable consumer acting reasonably under the circumstances" would be misled.  *Mantikas v. Kellog Co.*, 910 F.3d 633, 636 (2d Cir. 2018).  A court may determine, as a matter of law, that an allegedly deceptive practice would not have misled a reasonable consumer.  *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  Plaintiffs' FAC fails to allege a plausible claim of deception under either its sugar or whole grain theories.

Reasonable consumers are not deceived by the use of "Organic Dehydrated Cane Juice Solids" in the ingredients list on the back of the product label for two straightforward reasons.  First, the 365 Oatmeal's back label "Nutritional Facts" section, which appears in large font next to the product's ingredients list, informs consumers that the product contains 10 grams of total sugar, all of which is "Added Sugar."  No consumer would be deceived by the appearance of "Organic Dehydrated Cane Juice Solids" on the ingredients list, when they can reference the adjacent large print nutritional facts section to learn of the product's sugar content.  *Id.* at 742 ("[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial. For example, under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception."); *Belfiore v. Proctor & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015) ("The entire mosaic is viewed rather than each tile separately.") (citation and quotation marks omitted).  Second, the challenged label cannot be considered materially misleading because the product contains the advertised organic cane juice.  *See, e.g.*, *Sarr v. BEF Foods, Inc.*, 2020 WL 729883 at *12-13 (E.D.N.Y. Feb. 13, 2020) ("Made with Real . . . Butter" claims could not be deceptive as a matter of law when "the Mashed Potatoes do, in fact, contain real butter.").

Reasonable consumers are also not deceived by the use of the "100% Whole Grain" stamp on the front of the product's packaging.  At the threshold, this is a completely accurate and factually true statement.  All of the grain in the product (i.e., the organic rolled oats) is whole grain.  Plaintiffs do not dispute that 365 Oatmeal is made with whole grain nor that whole grain is the primary ingredient in the product.  Instead, Plaintiffs claim that the presence of flaxseed renders the use of the Whole Grain stamp false and misleading.  Not so.  Flaxseed are seeds, not grain.  Further, the label does not state nor suggest that oats are the "only" or "exclusive" ingredient in the product.  *See, e.g.*, *Campbell v. Freshbev LLC*, 322 F. Supp. 3d. 330, 341 (E.D.N.Y. 2018).  Plaintiff cannot view the Whole Grain stamp in isolation.  *Fink v. Time Warner Cable*, *supra,* 714 F.3d at 742.  The front label clearly states "Instant Oatmeal – Oats & Flax" and the flaxseeds can be seen in the image of the oatmeal.  The stamp also explicitly confirms that there are 18g or more of whole grain in each serving, suggesting the presence of other ingredients.  A consumer can then review the ingredient list and nutrition panel on the back of the product to confirm what those other ingredients are and how much they contribute to each serving.  There is no deception here.

# Blaxter | Blackman LLP

***Plaintiffs have not alleged an injury.***  Plaintiffs' price premium allegations are deficient. They do not allege when they precisely they bought the product, where they bought the product, or how the price compared to competitor's prices. *See, e.g., Colella v. Atkins Nutritional, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y 2018).

***Plaintiffs lack standing to seek injunctive relief.***  Plaintiffs lack standing to seek injunctive relief.  Plaintiffs' claim that they will be harmed absent an injunction because they will be unable to rely on Defendant's label does not establish future injury.  *See* Dkt. 15, at ¶ 55.  Plaintiffs' mere consideration not only amounts to insufficient "allegations of future injury," but also implies that they will never be injured by the allegedly offending product again.  *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015).

***Plaintiffs' negligent misrepresentation claim fails.***  A claim of negligent misrepresentation requires a special relationship of trust.  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 677 (E.D.N.Y. 2017).  Plaintiffs' conclusory allegation that WFM Group owed them a duty because it holds "itself out as having special knowledge in the production, service and/or sale of the product" is insufficient.  *See* Dkt. No. 15, at ¶75; *Stolz v. Fage Dairy Processing Indus.*, 2015 WL 5579872 at *25 (E.D.N.Y Sept. 22, 2015).  Further, the economic loss rule bars this claim.  *Gordon v. Hain Celestial Grp., Inc.*, 2017 WL 213815, at *14-15 (S.D.N.Y. Jan. 18, 2017) ("plaintiff and the putative class members purchased products they would have otherwise purchased at a lesser price or not at all" are subject to the economic loss doctrine.)

***Plaintiffs' warranty, MMWA and unjust enrichment claims fail for claim specific reasons***.  The express warranty claim fails because Plaintiffs' vague and conclusory allegations do not provide a sufficient factual basis to establish a plausible breach (*Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 263 (E.D.N.Y. 2014)) and because Plaintiffs failed to provide notice of the alleged breach.  *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018).  The implied warranty of merchantability and MMWA claims fail because Plaintiffs fail to allege that the product was not merchantable.  *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 536022, at *11 (E.D.N.Y. Sept. 14, 2015) (food products need only be fit for human consumption to be merchantable); *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016) (MMWA claims should be dismissed if duplicative of other claims).  And, Plaintiffs' unjust enrichment claim fails as duplicative of their other claims. *Corsello v. Verizon N.Y. Inc.*, 18 N.Y.3d 377, 790 (2012).

Respectfully submitted,

*/s/ Brian R. Blackman*
Brian R. Blackman for
Blaxter | Blackman

**Blaxter | Blackman LLP**

cc: David Adams (via ECF)
Spencer Sheehan (via ECF)
Michael R. Reese (via ECF)